UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re

    Victor Bostic,

                 Debtor

Case No. 19-41291-cec

**CHAPTER 13**

**NOTICE OF MOTION TO EXTEND AUTOMATIC STAY**

      PLEASE TAKE NOTICE that the Debtor will move this court before the Honorable Carla E. Craig, U.S. Bankruptcy Judge for the Eastern District of New York, at Courtroom 3529, United States Bankruptcy Judge at 271 Cadman Plaza East, Brooklyn, New York, on March 21, 2019 at 3:00 PM for an Order pursuant to 11 U.S.C. 362 (c) (3) (B) extending the automatic stay as to all creditors on the grounds that this instant case was filed in good faith, and for such other and further relief as to this Court may seem just and proper.

Dated: Brooklyn, New York
        March 6, 2019

                                S/David J. Doyaga
                              David J. Doyaga
                              Attorney for Debtor
                              Attorneys at Law
                              26 Court Street - Suite 1601
                              Brooklyn, New York 11242
                              (718) 488-7500

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| In re | **Case No.** 19-41291-cec |
|---|---|
| Victor Bostic, | |
| | **CHAPTER 13** |
| | **AFFIRMATION TO EXTEND AUTOMATIC STAY** |
| Debtor | |

TO THE HONORABLE CARLA E. CRAIG
UNITED STATES BANKRUPTCY JUDGE

      David J. Doyaga, Sr., (the ("Movant") an attorney duly admitted to practice law in the State of New York does hereby affirm under penalty of perjury as follows:

      1. That I am the attorney for Victor Bostic (the "Debtor") and am fully familiar with the facts and circumstances herein.

      2. This application is made in support of the Debtor's motion to extend the automatic stay as to all creditors pursuant to 11 U.S.C. 362 (c) (3) (B), on the grounds that this instant case was filed in good faith as there has been a substantial change in the Debtor's financial and personal affairs.

      3. The instant case was filed on March 5, 2019.  No meeting of creditors has yet been held.

      4. On May 10, 2018, Debtor had filed a petition pursuant to Chapter 13, which was docketed as case number 18-42713-cec in this Court (the "Prior Case").

      5. Pursuant to the Court's docket sheet, the Prior Case was dismissed by order dated January 30, 2019.

### EFFECT OF PRIOR FILING
### ON THE AUTOMATIC STAY IN THIS CASE

6. Since the Prior Case was pending within the one year period prior to the filing of this instant case, the automatic stay created by 11 U.S.C. 362 (a), as it relates to "any action taken with respect to a debt or property such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case." 11 U.S.C. 362 (c) (3) (A).

### NATURE OF REQUEST TO
### EXTEND THE AUTOMATIC STAY IN THIS CASE

7. Pursuant to 11 U.S.C. 362 (c) (3) (B), "…the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose), after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in *good faith* as to the creditors to be stayed." (*Emphasis added*).

8. This motion is scheduled to be heard before the 30th day after the filing of this case.

9. Pursuant to 11 U.S.C. 362 (c) (3) (C):

> For purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary) –
>
> (i) as to all creditors, if –
> (II) a previous case under any of the chapters 7, 11 and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to-
> (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);
> (III) there has *not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case* under chapter 7, 11 or 13 or any other reason

>
> to conclude that the late case will be concluded –
> (bb)  if a case under chapter 11 or 13, with a
> confirmed plan that will be fully performed) and… (***emphasis added***)

10. "To obtain an extension beyond thirty days, a debtor must demonstrate after notice and hearing that the filing of the instance action is in 'good faith as to the creditors to be stayed.'" *(In re Kalpakis, 2017 Bankr LEXIS 2391 [Bankr EDNY Aug. 18, 2017, No. 17-73818-ast] citing In re Forletta, 397 BR 242 [Bankr EDNY 2008].)*

11. As stated in 11 U.S.C. 362 (c) (3) (C) (i), "the debtor must rebut the presumption that his case was 'filed not in good faith.'" *In re Kalpakis.*

12.  In the instant case, there has been a substantial change in the debtor's financial and personal affairs since the dismissal of the prior case, thereby rebutting the presumption the case was "filed not in good faith."  11 U.S.C. 362 (c) (3) (C) (i).  Namely, the Debtor's spouse's income has increased due to change in his position at his job, since the last filing, Debtor and Debtor's spouse income increased approximately $2,000 additional income  a month.  This increase in income is a substantial increase in income rebutting the presumption of bad faith. (See 11 U.S.C. 362 (c) (3) (C)(i)(III)).

13.  The statute though, does not make it clear whether such rebuttal must be limited to evidence directly countering the basis of the presumption espoused within 362 (c) (3) (C) (i) (II) (a), or whether such rebuttal may encompass any facts which go the ultimate question of good faith filing.  The Debtor, in the present Case shall have filed <u>all</u> schedules, a plan and requested loss mitigation before the return date of this motion.

<u>BASIS FOR EXTENDING STAY TO ALL CREDITORS</u>

14.  The Debtor has income and earns $10,083 (gross) a month plus wife's contribution of $2,000. A month, which is "now sufficient to meet his financial obligations and successfully

reorganize." *In re Forletta.*

15. While the automatic stay is most important as to Debtor's mortgage creditors, it is also important as to Debtor's unsecured creditors as well.

16. Certainly, any unnecessary diversion of income outside of Debtor's plan, made necessary by having to defend or pay suits brought by multiple creditors, would unduly jeopardize this Debtor's chances of successfully reorganizing his finances under Chapter 13.

17. Accordingly, the automatic stay should be extended as to all creditors.

WHEREFORE, the Debtor respectfully requests that the Automatic Stay be extended as to all creditors, and for such other and further relief, as to this court may seem just and proper.

Dated: Brooklyn, New York
      March 6, 2019

<u>S/David J. Doyaga</u>
David J. Doyaga
Attorney for Debtor
Attorneys at Law
26 Court Street - Suite 1601
Brooklyn, New York 11242
(718) 488-7500