UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>Victor Bostic,<br><br><br><br><br><br><br>Debtor | Case No. **19-41291-cec**<br><br>CHAPTER 13<br><br>JUDGE CRAIG<br><br>NOTICE OF MOTION<br>With Affirmation in Support |

PLEASE TAKE NOTICE that upon the annexed affirmation of David J. Doyaga, Sr., (the "Movant") to the Honorable Carla E. Craig, Courtroom 3529, United States Bankruptcy Judge at 271 Cadman Plaza East Brooklyn, New York on June 20, 2019 at 10:00 AM or as soon thereafter as counsel can be heard for an Order to direct Michael J. Macco, the Chapter 13 Trustee (the "Trustee") to pay fees to David J. Doyaga, Sr., for services rendered to the estate to the extent there are funds available pursuant to Sections 330(a)(4)(B), 503(b)(2) and 1326 of the Bankruptcy Code. The undersigned reserves the right to supplement this application to the extent the undersigned incurs more time and expenses.

PLEASE TAKE FURTHER NOTICE that answering or opposing papers, if any, must set forth the basis of the opposition and must be served and filed so as to be received by the undersigned and the Court no later than seven days before the original hearing date.

Dated:   Brooklyn, New York
            May 29, 2019

                                                         S/David J. Doyaga, Sr.
                                                David J. Doyaga, Sr.
                                                Attorneys at Law
                                                Attorney for Debtor
                                                26 Court Street, Suite 1601
                                                Brooklyn, New York 11242
                                                (718)488-7500

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Victor Bostic,<br><br><br><br>Debtor | Case No. **19-41291-cec**<br><br><br>**CHAPTER 13** |

**AFFIRMATION IN SUPPORT OF**
**APPLICATION FOR ADMINISTRATIVE EXPENSES**

    David J. Doyaga, Sr. Esq., (the "Movant") an attorney duly admitted to practice law in the State of New York does hereby affirm under penalty of perjury as follows:

That I am the attorney for Victor Bostic (the "Debtor") and am fully familiar with all the facts and circumstances herein.

    1.    This affirmation is submitted in support of my application, pursuant to Sections 1326 and 503 of the Bankruptcy Code (the "Code"), for an Order authorizing and directing the Chapter 13 Trustee, (the "Trustee") to pay David J. Doyaga, Sr., for services rendered to the estate if the case is dismissed or converted to Chapter 7, despite its dismissal or conversion.

**BACKGROUND**

    2.    The Debtor filed a voluntary Petition for relief pursuant to Chapter 13 of the Code on March 5, 2019.

    3.    The Debtor entered into a written retainer agreement with David J. Doyaga, Sr. wherein the Debtor consented to pay David J. Doyaga, Sr., a fee of $8,000 to represent the Debtor in these proceedings. The retainer agreement specifically covered certain enumerated services. A copy of that retainer agreement is attached hereto as <u>Exhibit A</u>. The retainer agreement provided that $4,500 was due pre-petition and $3,500 was due post-petition from the trustee payments. The agreement provided that the $3,500 was due even in the

event of dismissal. The agreement also provided that the amount due under post-petition could increase in the event the number of hours that the Undersigned's office worked on the case exceed 7 hours. This has occurred as the Undersigned has already spent 25.70 hours on the case.

4. By signing the retainer, the Debtor acknowledged and understood that attorney time would be billed or measured at a rate $500 per hour.

5. On April 24, 2019 the Debtor filed a First Amended Chapter 13 plan (the "Plan") prepared by the Undersigned. A copy of the Plan is attached hereto as <u>Exhibit B</u>. The Plan signed by the Debtor shows additional fees due to the Undersigned. The Undersigned provided the services outlined in Exhibit C.

6. Section 330(a)(4)(B) of the Bankruptcy Code, in turn, provides:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation **to the debtor's attorney** for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

7. Section 1326(a)(2) provides that

> If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, **after deducting any unpaid claim allowed under section 503(b).**

8. Section 503(b)(2) of the Bankruptcy Code provides:
(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(2) compensation and reimbursement awarded **under section 330(a) of this title.**

9. Per the terms of the Retainer Agreement, the Debtor agreed to pay an additional $3,500 unless the time spent exceeded 7 hours.

10. David J. Doyaga, Sr. performed actual and necessary services the fees for which are reasonable, which preserved the estate and provide the Debtor with an opportunity to reorganize Debtor's financial affairs. David J. Doyaga, Sr. has been diligent in complying with the Debtor's first mortgage

JDRMDBP-SM LLC and has expended many hours of attorney and paralegal time preparing documents and in correspondence with both the Debtor, the Chapter 13 Trustee, and the mortgage holder.

11. Moreover, David J. Doyaga, Sr., has spent numerous hours on the case pre and post-petition with fees totaling $9,100. A copy of the time records showing these hours and fees is attached hereto as Exhibit C. This work was reasonable and necessary to preserve the assets of the Debtor's estate and allowed the Debtor to pursue a mortgage modification.

12. When this Motion is ultimately heard the Trustee and/or Movant shall advise the Court of the amount the Trustee is holding. At the time of making this Motion, the Trustee was holding a total of $4,000. To the extent there are funds available after the payment of commission and expenses of the Trustee, David J. Doyaga, Sr. requests fees and expenses as an administrative expense under Section 503(b)(2) and 1326(a)(2).

**Wherefore**, the Movant requests an order authorizing and directing the Trustee to pay $3,500 to David J. Doyaga, Sr., for the balance of the unpaid fees for work done post-petition in the Debtor's Chapter 13 bankruptcy case.

Dated: Brooklyn, New York
May 29, 2019

    S/David J. Doyaga, Sr
David J. Doyaga, Sr.,
Attorneys at Law
Attorney for Debtor
26 Court Street, Suite 1601
Brooklyn, New York 11242
(718) 488-7500